The Morris Canal and Banking Company *v.* Fagan.

----

THE MORRIS CANAL AND BANKING COMPANY *vs.* FAGAN
and others.

1. In general, a trespass will not be restrained by injunction.  But where the trespass is an obstruction to a public highway, entitled to be used by all citizens, it is a nuisance of a character which this court will prevent by injunction.

2. The denial of the answer being fully responsive to the allegations of the bill and supported by the affidavits, injunction dissolved.

· `Mr. C. Parker` and `Mr. Dyett`, in support of the motion.

`Mr. J. F. Randolph` and `Mr. Vanatta`, contra.

THE CHANCELLOR.

The injunction in this case was to restrain the defendants from driving piles, or placing other obstructions on the premises claimed by the complainants, in the city of Newark, known as the Cory lot, within forty-eight feet of the wall on the southeast side of their canal. ·Those premises are alleged in the bill to be part of the lands surveyed and taken by the complainants for the construction of their canal, and on which it was built; the width of the canal and its embankments there, being claimed to be forty-nine feet ten inches, and it being averred that Jonathan Cory, the owner at that time, had conveyed this land by a deed now lost, and that the complainants had been in the exclusive possession for more than twenty years.

In general, an injunction will not be issued to restrain a trespass. But this canal and its tow-path constitute a public highway, which all citizens are entitled to use; an obstruction is a nuisance, and one of the character proper to be prevented by injunction; and the complainants being the owners of the work, and obliged to keep it in good order, are the proper persons to apply for the injunction.

The grounds on which the injunction was granted were, that the place where the piles were being driven was part of the canal or its tow-path, that the canal was located by survey upon these lands of the width of forty-nine feet ten inches, and that the complainants have been in exclusive possession of it for over twenty years. These facts are averred in · the bill, and to some extent sustained by the affidavits annexed to it. The bill sets forth an agreement between the complainants and Jonathan Cory, who then owned the lands now owned by the defendants, and through which the canal was laid out, by which they agreed that he might build and maintain a basin on the side of the canal at

this place, and might, for that purpose, take down the bank of the canal; he to pay them one thousand dollars for the privilege, and to allow them to use the basin for their own boats.

The answer admits that the complainants surveyed, and filed in Essex county clerk's office a field book of a route of their canal through Cory's land, but denies that the canal was constructed on said route, or through Cory's land, except in River street, in front of his land, where he might have owned the soil. It denies that Cory ever conveyed the land to them, or that they have ever had exclusive possession of the premises on which they are driving their piles, or that it extended over these premises; alleging that the canal was constructed on a public street in Newark, called River street, and that the canal and its tow-path did not in fact exceed thirty-two feet in width, to which width it was confined by law; that it never had any tow-path on its northeast side at this place, and that its northeast side was three feet within the northwest line of River street, on which three feet the piles in question are being driven.

The allegations of the bill as to the survey of the route of the canal through Cory's lands, are not distinct and definite, and they are not supported by any proof annexed or exhibited. The answer on this point is responsive, and by that and the affidavits annexed in support of it, it is apparent that in 1828 there was a survey and field book of the lands of Jonathan Cory, needed for the construction of the canal, filed by the complainants as required by the sixth section of their charter. The land so designated, as clearly appears by the map so filed, and by the affidavits, was some seventy feet northeast of River street, on Cory's land. It appears by the affidavits of James H. Terhune, Horace J. Poinier, and Aaron Gill, that the canal was actually built within the lines of River street, and not on the lands described in the map and field book filed. This also appears by the affidavit of Peter Weitzel, surveyor, and the maps made by him and exhibited.

The complainants filed this field book because Cory would

not convey these lands, and they could not agree with him. In no other case were the proceedings, so commenced, authorized by their charter. After they were authorized by the second section of the act of 1828 to construct the canal in public highways, they could, by taking part of River street, avoid paying Cory for his land, and they abandoned their route filed in the clerk's office, and constructed the canal in River street. Here they could only occupy thirty-two feet, and were not entitled to extend their claim by construction from a survey filed, to forty-nine feet ten inches.

The description of the basin of Cory, as contained in the agreement with him and in his letter to R. Gilchrist, of May 13th, 1831, confirms this view of the location of the canal. The basin is described as extending to the canal, at the distance of three hundred and sixty feet from the river. At this time the canal was just finished, its sides were well defined, and the maps and measurement of the surveyor show that this distance extended to the northeast side of the canal, and within the northeast line of River street. I must therefore regard the claim by survey and field book, as disposed of by the responsive denials of the answer, supported by the affidavits annexed to it.

The bill alleges that the defendants were extending their aggressions still further *into the canal* on the complainants' property, which has been in their possession for more than thirty years. The affidavits of W. H. Talcott, the engineer and president, and of Unangst and Baker, the supervisors, state that for more than twenty years the company had claimed to own, and had exercised exclusive jurisdiction over forty-eight feet from the opposite wall of the canal; they do not say the company had possession, or exclusive or adverse possession of it. The term jurisdiction, applied to a corporation, is ambiguous.

They do not state any act or series of acts of ownership, or deny that the defendants, and those under whom they claim, were in possession, or exercised acts of ownership. The place in question was a basin, part of Cory's basin, made

on his own land, and during the period of navigation, covered by water.   The agreement with Cory admits that the land was his to the canal, for the length of two hundred and forty feet.   The complainants, by that agreement, had the right to use it for their own boats; all such use was subservient to Cory's title, and while using the basin under that easement so granted, no adverse possession short of an actual eviction and barring out Cory or his assigns for twenty years could gain adverse title, even if it could be gained by these means.   The affidavits to the bill do not show such ouster.

The affidavit of David Ripley is annexed to the answer, in support of the denial that the complainants ever owned, or claimed to own any property between the canal at Cory's basin and the river.   He shows that he was in possession of the basin from 1845 until the defendants bought of the New Jersey Railroad in 1866, and that he occupied it with logs, and put a boom across the mouth of the basin to separate it from the canal.   He denies that he ever paid rent or any compensation to the complainants for the use of the basin, but shows that he hired it from the New Jersey Railroad Company and their tenant, William Jackson.

This is a full and complete denial of the title alleged in the bill to have been acquired by possession; it supports the responsive allegations of the answer.   The injunction, therefore, cannot be sustained by the allegation of title by possession.

The complainants undoubtedly could acquire title to lands adjoining their canal, when constructed on a street, by virtue of the act of 1828, although such lands should, with the canal and its tow-path, exceed the width of thirty-two feet.   The restriction of the act is only as to the width of the location of the canal and tow-path, when laid in a street.   But such additional width must be acquired by deed, or adverse possession; it cannot be had by location or condemnation.

The injunction must be dissolved on the ground that the allegations of the bill, on which it was granted, are fully denied by the answer and the affidavits annexed to support it.